**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES SMITH** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:09cv423-HSO-JMR** |
| | § | |
| **CITY OF GULFPORT,** | § | |
| **MISSISSIPPI,** *et al.* | § | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS FOR WANT OF PROSECUTION
AND, IN THE ALTERNATIVE, FOR SANCTIONS,
DENYING PLAINTIFF'S MOTION TO AMEND, AND GRANTING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT are the following Motions: (1) Defendant McClain Sonics, Inc.'s ["McClain"] Motion to Dismiss for Want of Prosecution and, in the Alternative, for Sanctions [47], filed on June 13, 2011, in which Defendant the City of Gulfport, Mississippi [the "City"], has joined [49]; (2) Plaintiff Charles Smith's Motion to Amend Complaint [53], filed on June 14, 2011; (3) the City's Motion for Summary Judgment [51], filed on June 15, 2011; and (4) McClain's Motion for Summary Judgment [55], filed on June 15, 2011. All of these Motions have been fully briefed. After due consideration of the pending Motions, the related pleadings, the record, and the relevant legal authorities, the Court finds that Defendants' Motion to Dismiss for Want of Prosecution should be denied, Plaintiff's Motion to Amend should be denied, and Defendants' Motions for Summary Judgment should be granted.

## I. FACTS AND PROCEDURAL HISTORY

A.    Facts

This action stems from Plaintiff's visit to a Sonic franchise drive-in restaurant located in Gulfport, Mississippi, which is owned by McClain.  Am. Compl. [32-1], at pp. 2–3.  Plaintiff claims that he was patronizing the restaurant when a restaurant employee allegedly contacted the Gulfport Police Department and complained that Plaintiff was trespassing on McClain's property.  *Id.* at p. 3.  According to Plaintiff, as he exited the Sonic restroom, he was detained for "a period of time" by a Gulfport Police officer.  *Id.*  Plaintiff further asserts that he was later stopped by the same officers at a general traffic stop, where one unidentified police officer "used threatening words, unlawfully searched [his] car, saw a small piece of copper, accused [him] of stealing it and then accused [him] of taking advantage of older folks."  *Id.* at pp. 3–4.  Plaintiff acknowledges that after each of these stops, he was permitted to leave.  *Id.* at p. 4.

B.    Procedural History

Plaintiff filed his Complaint [1] on July 2, 2009, naming as Defendants the City, Gulfport Police Department, Unknown Police Officer, Sargent [sic] Julian Slaughter, and McClain Sonics, Inc. ["McClain"].  The Complaint advanced claims for unlawful detention and unlawful search and seizure in violation of Plaintiff's Fourth and Fourteenth Amendment rights; failure to properly hire, train, supervise, discipline, and control members of the Gulfport Police Department; false imprisonment; and defamation.  Compl., at pp. 4-6.  Plaintiff has yet to serve

-2-

Sergeant Julian Slaughter, nor has Sergeant Slaughter made an appearance in this action.

On December 15, 2009, the Court entered an Order Temporarily Staying Case and Advisory [8], which advised Plaintiff that the Complaint Tribunal of the Mississippi Bar had accepted the irrevocable resignation of his counsel of record from the Mississippi Bar. As a result of his attorney no longer being able to practice law, the Court stayed the case for thirty (30) days in order for Plaintiff to retain new counsel. On May 21, 2010, Plaintiff filed a Motion to Proceed *Pro Se* [13], which was granted by the Magistrate Judge via Text Order dated May 24, 2010. On January 6, 2011, Plaintiff filed a Motion to Amend Complaint [32], and attached a proposed Amended Complaint [32-1], naming the same Defendants. The Magistrate Judge granted Plaintiff's Motion to Amend by Text Order dated February 9, 2011. However, Plaintiff never filed his Amended Complaint [32-1].

As part of its Case Management Order [31], entered on December 7, 2010, the Court scheduled a settlement conference for June 1, 2011, at 1:30 pm before the Magistrate Judge. The docket text associated with the Case Management Order [31] provided that "[l]ocal counsel, lead trial counsel and all clients with full and final settlement authority MUST be present" at the settlement conference. Case Management Order [31] (emphasis in original). Plaintiff failed to appear. *See* June 1, 2011, Minute Entry. On June 13, 2011, McClain filed its Motion to Dismiss for Want of Prosecution [47], in which the City joined [49]. The next day, on June 14, 2011, Plaintiff filed his current Motion to Amend [53] his Complaint. On June 15,

2011, Defendants filed their Motions for Summary Judgment [51], [55], seeking dismissal of this case with prejudice.

In their Motions for Summary Judgment [51], [55], both Defendants reference Plaintiff's original Complaint.  Because Plaintiff was granted permission to file an Amended Complaint, which he attached as an exhibit to his first Motion to Amend [32], the Court will consider Plaintiff's Amended Complaint [32-1] as the operative pleading, rather than his original Complaint [1], in ruling upon the pending Motions for Summary Judgment.

## II.  DISCUSSION

A.    Defendants' Motion to Dismiss for Want of Prosecution [47]

Defendants maintain that "Plaintiff's failure to attend the Court-ordered Settlement Conference on June 1, 2011, . . . is the latest example of Plaintiff's pattern of delay and violations of this Court's Orders in the present case."  Mot. to Dismiss [47], at p. 1.  They take the position that "Plaintiff's complaint is ripe for dismissal pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure."  *Id.*

1.    Standard of Review

Federal Rule of Civil Procedure 16(f) reads as follows:

(f)    Sanctions.
    (1)    In General.
    On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
        (A)    fails to appear at a scheduling or other pretrial conference;

> (B)     is substantially unprepared to participate — or does
>          not participate in good faith — in the conference; or
> (C)     fails to obey a scheduling or other pretrial order.
> (2)     Imposing Fees and Costs.
> Instead of or in addition to any other sanction, the court must
> order the party, its attorney, or both to pay the reasonable
> expenses — including attorney's fees — incurred because of any
> noncompliance with this rule, unless the noncompliance was
> substantially justified or other circumstances make an award of
> expenses unjust.

FED. R. CIV. P. 16(f).

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with

these rules or a court order, a defendant may move to dismiss the action or any

claim against it." FED. R. CIV. P. 41(b).  Under this rule, "a district court, pursuant

to a defendant's motion, *may* dismiss a lawsuit for a plaintiff's failure to comply

with a court order." *Holden v. Illinois Tool Works Inc.*, 2011 WL 2472592, *4 (5th

Cir. June 22, 2011) (emphasis added).

2.     Analysis

In his June 15, 2011, proposed Second "Amended Complaint After Giving

[His] Deposition," Plaintiff states that he

> must immediately apologize to the Court and the Magistrate Judge John
> M. Roper. [sic] for June 14th, 2011 [sic] I just was alerted to the fact, by
> letter from the Court that I missed a settlement Conference set for June
> 1, 2011.  And this is the reason for my filing additional Complaints to the
> Court.

> The Unwarranted search and seizure of my personal papers during the
> taking of my deposition on April 20th, 2011 by Attorneys Jeffrey S. Bruni
> (for the City of Gulfport) and J. Wilson Eaton III was designed to place
> my personal and Attorney paper in much dissaray [sic], so that I would
> not be able to recognized [sic] my papers anymore, for when I place
> papers in my briefcase they are in a certain order, for me to understand.

> This violent action by these so called respected attorneys interrupted all of my scheduling and continuity.

Proposed Second Amended Complaint [54], at p. 1.

Having reviewed the record as a whole, the Court, in its discretion, does not find that dismissal of this cause for failure to prosecute is appropriate at this time. Defendants' Motion to Dismiss for Want of Prosecution [47] will therefore be denied.

B.    Plaintiff's Motion to Amend Complaint [53]

   1.    Standard of Review

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a party's pleading] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (citing *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010)).

   2.    Analysis

In his proposed Second Amended Complaint, Plaintiff wishes to include "SPECIAL ADDED CLAIMS OF DAMAGES," against new Defendants, specifically Jeffry [sic] S. Bruni, who is the attorney for the City, and J. Wlson [sic] Eaton III and his firm, the attorneys for McClain.  Mot. to Amend [53], at pp. 1, 9.  Plaintiff states that

-6-

> The direct action of Gulfport City Attorney Jeffry [sic] S. Bruni and Defendant MCClain [sic] Sonics [sic] Attorney in Searching and Opening the Personal Briefcase of Pro Se Attorney Charles Smith and thrashing them all over the table, forcing my personal papers and intellectual matters to be in high disaray [sic] and confusion.  This event took place by disguise and deception.   Both attorneys have received more information from me than I have received from them, on the record.  They have colluded in withholding of all information pertaining to the names of those involved, but they want me to provide them with my whole life story.  This attempt to get more information from me has nothing to do with the crime at hand and that is Discrimination, False imprisonment, Defamation, of Character, Illegal search and seizure, Threat with words Subjugation by fear.

*Id.*

Defendants respond that Plaintiff's Motion should be denied, because his new claims are futile, he granted them permission to review his documents, and the Motion was filed well after the Court's deadline for adding parties and amending pleadings and only one day prior to the dispositive motions deadline.  McClain's Resp. [57], at p. 1; City's Resp. [59], at p. 3.  Defendants also attach excerpts from Plaintiff's April 20, 2011, deposition, which reflect that, while under oath, Plaintiff consented to Defendants' attorneys reviewing his notebook as well as the contents of his briefcase.  Dep. of Charles Smith, at pp. 199–200, 294, 296–300, 309–310, attached as Ex. "A" to McClain's Resp. [57].

The amended pleadings deadline in this case was January 6, 2011.  On that date, Plaintiff filed his earlier Motion to Amend [32], which the Court granted.  Over five months later, on the day before the dispositive motions deadline and nearly two months after his deposition, Plaintiff filed the current Motion to Amend [53].  The proposed new claims are against new parties, Defendants' attorneys, and

do not arise out of the same operative facts which serve as the basis of Plaintiff's original claims. *See* FED. R. CIV. P. 20(b).

In addition, while the Court "should permit a *pro se* plaintiff to amend a complaint if it appears that there is a potential ground for relief, . . . [it] need not permit futile amendments." *McCullough v. Texas Dept. of Criminal Justice*, 70 F.3d 1267, 1995 WL 696758, at *1 (5th Cir. Oct. 18, 1995). The Court is required to apply the standard used under Rule 12(b)(6). *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

> Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level."). We do not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*City of Clinton, Ark.*, 632 F.3d at 152–53.

Construing Plaintiff's proposed pleading liberally, he appears to be attempting to make an illegal search and seizure claim under the Fourth Amendment, pursuant to 42 U.S.C. § 1983. Section 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 129 S. Ct. 2108, 2111 (2009). It affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). A plaintiff cannot succeed on a § 1983 claim

merely by showing any deprivation of his rights; § 1983 was intended to preserve rights protected by federal law. *Wright v. Collins*, 766 F.2d 841, 849 (5th Cir. 1985).

Plaintiff has not shown that Defendants' attorneys qualify as persons acting under color of state law. *See Haywood*, 129 S. Ct. at 2111. Even if defense counsel were deemed state actors, Plaintiff has not stated a cognizable constitutional violation, as the record is clear that he consented to the review of his notebook and briefcase. Dep. of Charles Smith, at pp. 199–200, 294, 296–300, 309–310, attached as Ex. "A" to McClain's Resp. [57]. This forecloses his Fourth Amendment claim.

To the extent Plaintiff also attempts to assert violations of state law by Defendants' attorneys, the Court is not persuaded that he has pled an actionable state law claim, since Plaintiff consented to the "search" in question. Moreover, it is unclear how this Court would have subject matter jurisdiction over any such state law claims. Arguably, these allegations are not so related to the other claims in the action within the Court's original jurisdiction that the Court would have supplemental jurisdiction over them under 28 U.S.C. § 1367(a). Nor does there appear to be complete diversity of citizenship or a sufficient amount in controversy to confer diversity jurisdiction under 28 U.S.C. § 1332.

For the reasons stated above, the proposed Second Amended Complaint does not plead sufficient factual matter to state a cognizable claim against Defendants' counsel, and is therefore futile. Because the Second Amended Complaint would be futile, Plaintiff's Motion to Amend should be denied. *See Steury*, 625 F.3d at 270. The Court is further of the opinion that Plaintiff's requested amendment is

-9-

untimely, and would result in significant delay and prejudice to Defendants McClain and the City, as this case has been ongoing for over two years and is set for trial in December 2011.  Plaintiff's Motion to Amend [53] will be denied.

C.      Defendants' Motions for Summary Judgment [51], [55]

1.      Standard of Review

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1991)).

The existence of a factual dispute does not preclude summary judgment if the dispute is neither material nor genuine. *Lyle v. Dedeaux*, 39 F.3d 320, 1994 WL 612506, *2 (5th Cir. 1994) (citing *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *Lyle*, 1994 WL 612506, at *2.

    2.   <u>Analysis</u>

        a.   *Plaintiff's Claims Against the City*

Plaintiff's Amended Complaint raises claims against the City for unlawful detention and unlawful search and seizure in violation of his Fourth and Fourteenth Amendment rights, presumably pursuant to 42 U.S.C. § 1983. Am. Compl. [32-1], at pp. 4-5. In any § 1983 suit, a plaintiff must prove a violation of the underlying constitutional right. *Daniels v. Williams*, 474 U.S. 327, 330 (1986). The City maintains that Plaintiff has not provided sufficient evidence to substantiate the claimed violation of either Amendment, and even if he has, he cannot maintain his action against the City. City's Mem. [52] in Supp. of Mot., at p. 4.

"For a municipality to be liable, the plaintiff must show that there was either

an official policy or an unofficial custom, adopted by the municipality, that was the moving force behind the claimed constitutional violation." *Duvall v. Dallas County, Texas*, 631 F.3d 203, 209 (5th Cir. 2011). As the Fifth Circuit Court of Appeals has explained,

> [f]or § 1983 liability to attach, plaintiffs must show that the City was responsible for any constitutional violations. *Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L. Ed.2d 261 (1992). Municipalities have no § 1983 liability under a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).
>
> Official policies are typically contained in ordinances, regulations, or policy statements. *Id*. at 579. An official policy can also be evidenced by a custom, defined as "'a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Id.* (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

*Valentine Foundation v. Uphoff*, 211 F. App'x 276, 277 (5th Cir. 2006).

> In his Amended Complaint, Plaintiff alleges that
>
> The Defendant, City of Gulfport, Mississippi, through its mayor, looked into the conduct of the officers and ratified their actions, thus making them the custom and practice of the Defendant City. The Defendants failed to take any affirmative actions against the Defendant Officers thus ratifying their conduct.

Am. Compl. [32-1], at p. 4.

> The Fifth Circuit has explained that
>
> [i]n *Praprotnik,* the Supreme Court provided that if "authorized policymakers approve a subordinate's decision and the basis for it, their

ratification would be chargeable to the municipality because their decision is final." [*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).]  The theory of ratification, however, has been limited to "extreme factual situations." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848, 2009 WL 3818826, at *7 (5th Cir. 2009); *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).  Therefore, unless the subordinate's actions are sufficiently extreme–for instance, an obvious violation of clearly established law–a policymaker's ratification or defense of his subordinate's actions is insufficient to establish an official policy or custom.  *See Peterson*, 588 F.3d at 848, 2009 WL 3818826, at *7; *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 170 (5th Cir. 1985).

*World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009).

Plaintiff has not demonstrated that the officers' alleged actions in this case were sufficiently extreme to an establish an official policy or custom, even assuming such action were ratified by the City.  *See id.*  Moreover, "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Peterson*, 588 F.3d at 848.  Fifth Circuit precedent therefore forecloses a ratification theory in this case.  *See id.*  Plaintiff has not presented competent summary judgment evidence of any official policy or unofficial custom to support his assertions.  *See Duvall*, 631 F.3d at 209.  Accordingly, summary judgment in the City's favor is appropriate on Plaintiff's § 1983 claims for unlawful detention and unlawful search and seizure.

Plaintiff also asserts claims against the City for failure to properly hire, train, supervise, discipline, and control members of the Gulfport Police Department. Am. Compl. [32-1], at pp. 5–6.  Plaintiff "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular

-13-

constitutional or statutory right will follow the decision." *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997) (inadequate screening in hiring case); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989) (inadequate training claim); *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) (failure to train and supervise claim).

> Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Deliberate indifference implies an official's actual knowledge of facts showing that a risk of serious harm exists as well as the official's having actually drawn that inference. *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted). Deliberate indifference is more than mere negligence or even gross negligence. *City of Canton*, 489 U.S. at 388, 109 S.Ct. 1197. Proof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is "obvious and obviously likely to result in a constitutional violation." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citations omitted).

*Brown*, 623 F.3d at 255.

> Plaintiff alleges that

> 16.   Defendant City of Gulfport, Mississippi acts are [sic] responsible for the policies, practices and customs of the Defendant city of Gulfport Police Department.  The acts and edicts of these policy making officials represent also the policies and customs of city of Gulfport, Mississippi.
> 17.   Defendant City of Gulfport, Mississippi has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Gulfport Police Department.
> 18.   Defendant City has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Police Department.
> 19.   As a result of the practice of the City of Gulfport Police Department, citizens and more specifically the Plaintiff has been subjected to unlawful punishment and suffering.

Am. Compl. [32-1], at p. 5.

Plaintiff has not presented competent summary judgment evidence tending to establish any inadequacy in the screening of any Gulfport Police Department officer's background, of any Gulfport Police Department officers having at any other time engaged in practices similar to those alleged to have occurred to Plaintiff, or of any failure to supervise, discipline, or control members of the Gulfport Police Department.  Even assuming a particular background screening was inadequate, Plaintiff has not shown that a full review of the involved officer's record would reveal that the policymaker should have concluded that the officer's alleged unlawful search and seizure would be a plainly obvious consequence of the hiring decision, such as to constitute "deliberate indifference."  Nor has Plaintiff offered any competent summary judgment evidence which shows the inadequacy of any officer's training, supervision, discipline, or control.  Summary judgment is therefore appropriate on Plaintiff's § 1983 claims for failure to properly hire, train, supervise, discipline, and control members of the Gulfport Police Department.

Plaintiff's final claim against the City is a state law claim for false imprisonment.  Am. Compl. [32-1], at p. 7.  The City argues that Plaintiff's state law claims against it are time barred or should be dismissed for failure to comply with the notice requirements of Mississippi Code § 11-46-11.  City's Mot. [51], at p. 3.  It is unclear whether Plaintiff asserts this false imprisonment claim as the result of the incident at Sonic or of the subsequent traffic stop.  The Court will therefore consider both in its analysis.

-15-

"The [Mississippi Tort Claims Act] provides the exclusive civil remedy against a governmental entity and its employees." *Kimball Glassco Residential Center, Inc. v. Shanks*, 64 So. 3d 941, 944 (Miss. 2011) (citing Miss. Code Ann. § 11–46–7(1)).  A governmental entity includes municipalities, *id.* at 944–45 (citing Miss. Code § 11–46–1(i)), such as the City of Gulfport.  "All actions brought under the MTCA are subject to a one-year statute of limitations, which is tolled by a timely-filed notice of claim." *Id.* at 944 (citing Miss. Code § 11-46-11(3)).  There is no evidence in the record that any tolling provision is applicable here.  *See Gorton v. Rance*, 52 So. 3d 351, 359 (Miss. 2011) (noting that tolling provision of the statute provides for tolling during the notice period, but holding that because the plaintiff provided no notice, the tolling provision is inapplicable).

Plaintiff's original Complaint states that the events in question occurred "on or about July 4, 2008," Compl. [1], at p. 3, but his Amended Complaint states that the incident at the Sonic restaurant occurred "a few days prior to July 4, 2008," Am. Compl. [32-1], at p. 3, while the traffic stop occurred on July 4, 2008, *id.*  The undisputed record evidence establishes that the incident at McClain's Sonic restaurant actually occurred on June 24, 2008. Dep. of Charles Smith, at pp. 129–31, 258, attached as Ex. "B" to McClain's Mot. [55].  Plaintiff also admits in his Response [61] that the events of which he complains occurred on June 24, 2008. Resp. [61], at p. 2 (stating that the Gulfport Police stopped him on June 24, 2008, and that he called the Sonic Corporate Office to report what had happened to him June 24, 2008).  Plaintiff's original Complaint was not filed until July 2, 2009, over

one year later.  Compl. [1], at p. 1.  His state law claims against the City with respect to any alleged unlawful false imprisonment at the Sonic restaurant are therefore time barred.  *See* Miss. Code § 11-46-11(3).

With respect to the alleged traffic stop on July 4, 2008, if the traffic stop did in fact occur on that date, the one-year statute of limitations would not bar this particular claim.  The City contends that dismissal of this claim is nevertheless appropriate because Plaintiff failed to submit a "notice of claim" as required by Mississippi Code § 11-46-11.  City's Mot. [51], at p. 3.

"A party instigating a claim under the MTCA must file a notice of claim with the chief executive officer of the governmental entity ninety days before maintaining an action."  *Shanks*, 64 So. 3d at 944 (citing Miss. Code § 11-46-11). The Mississippi Supreme Court "strictly applies the ninety-day-notice requirement of Section 11–46–11(1)."  *Gorton*, 52 So. 3d at 358 (citing *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006)).  This requirement is a "hard-edged, mandatory rule which the Court strictly enforces."  *Id.* (quoting *Easterling*, 928 So. 2d at 820).  The City maintains that Plaintiff never filed the required notice of claim, and Plaintiff has submitted no evidence to the contrary.  "[A]bsent compliance with the statute, [the City's] immunity is intact."  *Tallahatchie General Hosp. v. Howe*, 49 F. 3d 86, 92 (Miss. 2010) (citing Miss. Code § 11-46-7(1)).  Thus, dismissal of this claim is appropriate for Plaintiff's failure to comply with the MTCA's notice requirement.  *Id.*

Though not addressed in the present pleadings, the Gulfport Police

Department was also named as a Defendant in this case.  The Fifth Circuit has explained that

> [t]he capacity of an entity to be sued is determined "by the law of the state where the court is located."  FED. R. CIV. P. 17(b); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).  In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Darby,* 939 F.2d at 313.  Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.*

*Crull v. City of New Braunfels, Tx.*, 267 F. App'x 338, 341–42 (5th Cir. 2008).

The Gulfport Police Department is not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City of Gulfport.  *See Bradley ex rel. Wrongful Death Beneficiaries of Bradley v. City of Jackson, Ms.*, Civil Action No. 3:08CV261-TSL-JCS, 2008 WL 2381517, *2 (S.D. Miss. June 5, 2008) (holding that the Jackson Police Department was not a proper party because it is merely a department of the City of Jackson, Mississippi); *Hammond v. Shepherd*, Civil Action No. 3:05cv398HTW-JCS, 2006 WL 1329507, *1 (S.D. Miss. May 11, 2006) (holding that McComb Police Department is an extension of the City of McComb, Mississippi, rather than a separate legal entity that may be named as a party in an action).  The Gulfport Police Department is not a proper Defendant, and will be dismissed.

### b. *Plaintiff's Claim against McClain*

Plaintiff's sole claim against McClain is for defamation of character.  Am. Compl. [32-1], at p. 7.  McClain argues that Plaintiff's claim against it is time

barred.  McClain's Mot. [55], at pp. 1–2.  Even if timely, McClain maintains that summary judgment is nevertheless appropriate.  *Id.*

Mississippi law provides for a one year statute of limitations for "all actions for slanderous words concerning the person" and for libels.  Miss. Code § 15-1-35.  This limitations period extends to all actions substantially like those enumerated in the statute for which no specific limitations period has been provided.  *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990).  This limitations period also applies to claims for invasion of privacy.  *McCorkle v. McCorkle*, 811 So. 2d 258, 265 (Miss. Ct. App. 2001).

The Court concludes that the one year limitations period governs Plaintiff's state law defamation claim against McClain.  The undisputed record evidence shows that the incidents of which Plaintiff complains involving McClain all occurred on June 24, 2008.  Dep. of Charles Smith, at pp. 129–31, 258, attached as Ex. "B" to McClain's Mot. [55].  Plaintiff's original Complaint was not filed until July 2, 2009, more than one year later.  Compl. [1], at p. 1.  Plaintiff's defamation claim against McClain is therefore untimely and should be dismissed.

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Want of Prosecution will be denied, Plaintiff's Motion to Amend will be denied, and Defendants' Motions for Summary Judgment will be granted.  Plaintiff's claims against the City and McClain will be dismissed with prejudice.  Plaintiff's claims against Defendants Sergeant Julian Slaughter and the Gulfport Police Department

-19-

will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant McClain Sonics, Inc.'s Motion to Dismiss for Want of Prosecution and, in the Alternative, for Sanctions [47], filed on June 13, 2011, in which Defendant the City of Gulfport, Mississippi, has joined [49], is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Charles Smith's Motion to Amend Complaint [53], filed on June 14, 2011, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant the City of Gulfport, Mississippi's, Motion for Summary Judgment [51], and Defendant McClain Sonics, Inc.'s Motion for Summary Judgment [55], both filed on June 15, 2011, are both **GRANTED**.  Plaintiff's claims against Defendants the City of Gulfport, Mississippi, and Defendant McClain Sonics, Inc., are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendants Gulfport Police Department and Sergeant Julian Slaughter are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 21st day of October, 2011.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE